UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HARDESTY BUILDERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-142 |
| | § | |
| MID-CONTINENT CASUALTY COMPANY, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

On this day came on to be considered Defendant Mid-Continent Casualty Company's ("Mid-Continent") motion to sever and abate or alternative motion for separate trials and to abate ("motion to sever"). (D.E. 10.) For the reasons set forth below, the Court hereby DENIES Mid-Continent's motion to sever. (D.E. 10.)

**I.  JURISDICTION**

The Court has federal subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interests.

**II.  FACTUAL AND PROCEDURAL BACKGROUND**

Hardesty Builders, Inc. ("Hardesty") purchased a succession of Commercial General Liability policies from Mid-Continent Casualty Company ("Mid-Continent"), the parent company of Oklahoma Surety Company ("OSC"). (D.E. 1, Ex. 2, p. 3.) When a third party asserted a claim against Hardesty for remodeling work that Hardesty had done (the "Guinn

claim"), OSC, through its parent company Mid-Continent, "denied any obligation to defend the claim or indemnify Hardesty against it." (Id.)

Plaintiff asserts that Defendants: (1) breached the contract by refusing to defend of indemnify Hardesty against the Guinn claim; (2) engaged in unfair settlement practices pursuant to Tex. Ins. Code § 541.060(2)(A) by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Hardesty's claim for defense costs; and (3) engaged in deceptive trade practices under § 541 of the Texas Trade Practices Act ("DTPA"), also by failing in good faith to effectuate a prompt, fair, and equitable settlement of a claim.

Plaintiff originally filed suit in state court, in the 36th Judicial District Court of Aransas County, Texas, on September 28, 2009. Defendants removed this action based on diversity jurisdiction to the Houston Division for the Southern District of Texas. On May 18, 2010, Judge Atlas transferred this case to this Court pursuant to 28 U.S.C. § 1441(a).

Now pending is Mid-Continent's motion to sever. (D.E. 10.) Specifically, Mid-Continent requests that this Court sever the contractual claims from the extra-contractual claims; or, in the alternative, "grant separate trials [for] Plaintiff's contractual and extra[-]contractual claims." (D.E. 10, p. 8.)

## III.   DISCUSSION

### A.   Severance of claims under Federal Rule of Civil Procedure 21

Rule 21 of the Federal Rules of Civil Procedure permits a court "at any time, on just terms, … [to] sever any claim against a party." Fed. R. Civ. P. 21. "Severance under Federal Rule of Civil Procedure 21 'creates two separate actions or suits where previously there was but one. Where a single claim is severed out of a suit, it proceeds as a discrete, independent action, and a court may render a final, appealable judgment in either one of the resulting two actions

notwithstanding the continued existence of unresolved claims in the other.'" Hayes v. Miller, 341 Fed.Appx. 969, 970 (5th Cir. 2009) (citing Allied Elevator, Inc. v. E. Tex. State Bank of Buna, 965 F.2d 34, 36 (5th Cir. 1992)).  Under Rule 21, "the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995).

      **B.**      **Separate trials under Federal Rule of Civil Procedure 42(b)**

Federal Rule of Civil Procedure 42(b) states: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b).  "Rule 42(b) of the Federal Rules of Civil Procedure authorizes district courts to order a separate trial of any claim if the interests of judicial economy, convenience, and fairness will be furthered." Peace Lake Towers, Inc. v. Indian Harbor Ins. Co., 2007 WL 925845 (E.D. La. 2007) (citing Conkling v. Turner, 18 F.3d 1285, 1293 (5th Cir. 1994); Guedry v. Marino, 164 F.R.D. 181, 186 (E.D. La. 1995); Ferguson v. State Farm Ins. Co., 2007 WL 102127 (E.D. La. 2007)). "The procedure authorized by Rule 42(b) should be distinguished from severance under Rule 21.  Separate trials will usually result in one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." McDaniel v. Anheuser-Busch, Inc., 987 F.2d 298 (5th Cir. 1993).  "[A] separation of issues for separate trials is not the usual course that should be followed. Peace Lake Towers, Inc. v. Indian Harbor Ins. Co., 2007 WL 925845 (E.D. La. 2007) (citations omitted).

      **C.**      **Application of federal law**

Defendant cites to several Texas state law cases to support the proposition that this Court should sever Plaintiff's contractual claims from its extra-contractual claims, or, alternatively,

should bifurcate the trial entirely.  None of these state law cases are binding upon this Court, however, because "[t]he issue of whether separate trials are warranted in this diversity action is governed by federal law." Houston McLane Co. v. Connecticut General, 2006 WL 3050812 (S.D. Tex. 2006) (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 2387 (2d ed. 2006) ("The separate trials rule is a valid regulation of procedure. Therefore, state law is not controlling even in diversity cases."))  This is because "[u]nder the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996).  Wright v. Sears Roebuck & Co., 2010 WL 330216 (W.D. La. 2010) (denying the defendant's motion to sever in a diversity case pursuant to Federal Rule of Civil Procedure 21).

### D. Severance under Federal Rule of Civil Procedure 21 is not warranted

Defendant Mid-Continent has the burden to show that severance is warranted in this case. Baergas v. City of New York, 2005 WL 2105550, at *7 (S.D.N.Y. 2005) (stating that the moving defendant has "the burden of proving that severance is appropriate."). Defendant has failed to meet its burden to show that severance is warranted. Defendant Mid-Continent argues that the failure to sever Plaintiff's contractual claims from its extra-contractual claims would result in "severe prejudice and injustice" to Defendant.  This is because, according to Mid-Continent, Plaintiff's contractual claims "are dependent upon whether Plaintiff can sustain its burden of proof" whereas "Plaintiff's extra[-]contractual claims … shift[] both the focus and the burden of proof on Defendant to 'explain itself.'" (D.E. 10, p. 4-5.)  Further, Mid-Continent argues that the failure to sever these claims "will undermine judicial economy … because Defendant's liability for bad faith is necessarily preceded upon a finding of coverage under Defendant's policies."  In other words, because Mid-Continent contends it cannot be held liable for the extra-contractual

claims unless there is determined to be a valid underlying contractual claim, the failure to sever the contractual claims from the extra-contractual claims could result in wasted time and resources.

With respect to its contention that the failure to sever the contractual claims from the extra-contractual claims will result in prejudice, Defendant fails to show that this would be the case. Typically, in these sorts of cases, insurance companies can establish prejudice where the insurance company has made a settlement offer. Houston McLane Co., Inc. v. Connecticut General, 2006 WL 3050812 (S.D. Tex. 2006). ("While it is true that, in insurance coverage suits, extra-contractual claims are often severed from contractual coverage claims, that is generally because the insurance company made a settlement offer.") "The existence of a settlement offer would clearly prejudice an insurance company's attempt to argue that the claim was not covered under the insurance contract, and thus in cases where a settlement offer was made, separate trials are nearly always ordered." Houston McLane, 2006 WL 3050812. In this case, however, Mid-Continent has made no settlement offer to Plaintiff; therefore, "this source of potential prejudice is nonexistent." (Id.).

Instead, Defendant argues that the Court's failure to sever the contractual claims from the extra-contractual claims will prejudice Mid-Continent because it would constitute an "impermissible altering of the burdens of proof" and would "confuse the jury." (D.E. 10, p. 5.) Defendant's "burden of proof" argument is without merit. Parties may of course bear different burdens of proof within the same case. Broussard v. State Farm Fire and Cas. Co., 523 F.3d 618, 625 (5th Cir. 2008) ("The parties bear different burdens of proof under the personal property and dwelling coverages.") Moreover, Defendant's argument that the failure to sever these claims would "confuse the jury" is also without merit. "[E]ven if there was some risk of prejudice, here

it is of the type that can be cured with proper instructions and 'juries are presumed to follow their instructions.'" Zafiro v. U.S., 506 U.S. 534, 540 (1993) (citing Richardson v. Marsh, 481 U.S. 200, 210 (1987)).  Accordingly, severance is not warranted in this case.

### E. Separate trials under Federal Rule of Civil Procedure 42(b) are not warranted

"[T]he burden is on the party seeking separate trials to prove that separation is necessary." Houston McLane Co., Inc. v. Connecticut General, 2006 WL 3050812 (S.D. Tex. 2006) (citing Wright & Miller, § 2388).  Thus, Mid-Continent bears the burden of proving that a separate trial is necessary.  As explained below, Mid-Continent has not met its burden.

Mid-Continent argues that if this Court does not order separate trials for the contractual and extra-contractual claims, Mid-Continent will be prejudiced because "Plaintiff will effectively shift the burden of proof imposed on it to Defendant by forcing Defendant to answer and explain its responses to Plaintiff's demands for payment." (D.E. 10, p. 7.)  However, "[a]ny prejudice to [Mid-Continent] that could result from the joint trial of the claims of coverage and bad faith can be cured by appropriate instructions to the jury." Peace Lake Towers, Inc. v. Indian Harbor Ins. Co., 2007 WL 925845 (E.D. La. 2007).

"Separate trials will save time and resources only if, in fact, [Mid-Continent] prevails on the contractual claim.  If it does not, then a great deal of time will be wasted retaking depositions, engaging in additional discovery, empanelling a new jury, and conducting a second trial. This is particularly so when, as here, many of the same facts and witnesses are relevant to both the contractual and extra-contractual issues. Houston McLane Co., Inc. v. Connecticut General, 2006 WL 3050812 (S.D. Tex. 2006) (citing Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 630 (Tex. 1996) (noting that contractual and extra-contractual insurance claims under Texas law are "largely interwoven" and that "most of the evidence introduced will be

admissible on both claims.")). "The judicial economy argument is therefore a wash: If [Mid-Continent] prevails on the contract claim, then time and resources will be saved by conducting separate trials. On the other hand, if [Plaintiff] prevail[s], then time and resources will be wasted. At this stage in the litigation, the Court is not in any position to guess which outcome might be more likely, so it cannot order separate trials on the supposition that doing so would promote judicial efficiency." Houston McLane Co., Inc. v. Connecticut General, 2006 WL 3050812 (S.D. Tex. 2006). "Moreover, evidence on the coverage issues and [Mid-Continent's] defenses to them is likely to be interwoven to a large extent with the claims handling issues. Judicial economy will therefore not be served by ordering separate trials." Peace Lake Towers, Inc. v. Indian Harbor Ins. Co., 2007 WL 925845 (E.D. La. 2007)[1]

## VI. Conclusion

For the reasons set forth above, the Court hereby DENIES Mid-Continent's motion to sever. (D.E. 10).

SIGNED and ORDERED this 14th day of July, 2010.

_____
Janis Graham Jack
United States District Judge

---

[1] This Court need not consider Defendant's request for abatement of the discovery of Plaintiff's bad faith claims because the request is predicated on the Court's granting of severance or separate trials. (D.E. 10, p. 8-9.)