UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HARDESTY BUILDERS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-10-142 |
| | § | |
| MID-CONTINENT CASUALTY COMPANY, *et al*, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court is Intervenor Simon Herbert & McClelland LLP's ("SMH's") Motion to Reconsider Court's Order Denying Intervenor's Motion to Alter or Amend the Judgment and Request for Oral Hearing. (D.E. 58.)

On December 13, 2010, the Court signed an Order granting Defendants' Motion for Summary Judgment, finding Defendants had not breached their duty to defend or indemnify Plaintiff Hardesty Builder's, Inc. (D.E. 54.) On December 15, 2010, the Court entered a Final Judgment dismissing this case in its entirety. (D.E. 55.)

In a motion to alter the judgment, filed December 22, 2010, Intervenor argued that it still had a claim pending in this Court against Hardesty for unpaid legal fees and that said claim should proceed to trial. (D.E. 56 at 2.)

On December 27, 2010, the Court denied Intervenor's motion to alter the judgment, finding that, based on the pleadings on record, Intervenor had no remaining cause of action against Hardesty pending in this Court because Intervenor's recovery was contingent on Hardesty prevailing on its claims against Defendants. (D.E. 57.)

In its Motion to Reconsider, Intervenor argues the Intervention Complaint was not intended "to suggest that SMH is entitled to relief **if and only if** Hardesty prevailed on its claims against Defendants because SMH had an independent cause of action for breach of contract against Hardesty." (D.E. 58 at 1-2) (emphasis in original). Intervenor requests that the Court allow its breach of contract claim against Hardesty to proceed to trial in this Court. In the alternative, Intervenor suggests that "if this Court does not wish to exercise its pendant jurisdiction, it can dismiss SMH's claims without prejudice to be re-filed in state court." (D.E. 58 at 3.)

Regardless of whether Intervenor has an independent claim for breach of contract against Hardesty, this Court lacks subject matter jurisdiction to entertain such a claim because there is no diversity between Intervenor and Hardesty. See 28 U.S.C. §1367(b).[1] Contrary to Intervenor's assertion, the Court has no discretion in the matter: said claim must be dismissed. See Fed. R. Civ. P. 12(h)(3); see also Coury v. Prot, 85 F.3d 244, 248 (5th Cir. 1996). A dismissal for lack of subject matter jurisdiction is not on the merits, and is not conclusive as to all matters which could have been raised, but only as to matters actually adjudged. Equitable Trust Co. v. Commodity Futures Trading Comm'n, 669 F.2d 269, 272 (5th Cir. 1982); see also Winters v. Diamond Shamrock Chem. Co., 149 F.3d 387, 396, n. 10 (5th Cir. 1998). Intervenor's claim for legal fees has been adjudged as to Defendants, but Intervenor's independent claim against Hardesty for unpaid legal fees has not been adjudged. Accordingly, dismissal of any remaining

---

[1] Pursuant to 28 U.S.C. §1367(b), in cases where original jurisdiction is conferred by diversity (as opposed to federal question), federal courts shall not have supplemental jurisdiction over claims by persons seeking to intervene as plaintiffs under Rule 24 when exercising supplemental jurisdiction over the claims would be "inconsistent with the jurisdictional requirements of section 1332." §1367(b). "In other words, a would-be intervenor-plaintiff in a diversity case must demonstrate an independent jurisdictional ground to support the claim, e.g., federal question or diversity." Chambers Med. Found. v. Chambers, 236 F.R.D. 299, 302 (W.D. La. 2006) (citing Hunt Tool Co. v. Moore, Inc. 212 F.2d 685, 688 (5th Cir. 1954) (addressing pre- § 1367, ancillary jurisdiction).)

claim Intervenor may have against Hardesty is without prejudice of Intervenor's right to pursue a new claim against Hardesty in state court. No oral hearing is necessary.

SIGNED and ORDERED this 7th day of January, 2011.

_____
Janis Graham Jack
United States District Judge